IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Individually and as Subrogee of KENARD MANAGEMENT CORPORATION, Plaintiff, | ) ) ) ) ) |
| v. | ) Case No. ) |
| CAPITOL TRANSAMERICA CORPORATION, d/b/a CAPITOL INDEMNITY CORPORATION, Defendant. | ) ) ) ) |

```
FILED: MAY 8, 2009
09CV2829
JUDGE GRADY
MAGISTRATE JUDGE COLE
AO
```

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Public Service Mutual Insurance ("PSM"), by its undersigned attorneys, for its Complaint against Capitol Transamerica Corporation d/b/a Capitol Indemnity Corporation ("Capitol"), states as follows:

**PRELIMINARY STATEMENT**

1. This action for declaratory relief, breach of contract, equitable contribution and violations of Illinois Insurance Code Section 155 arises out of a dispute concerning the insurance coverage available for a wrongful death lawsuit entitled *Doyle v. Kenard Management Corporation et al,* Cook County, Docket No. 07L1998 (the "Underlying Litigation"). The parties in this case issued liability insurance policies to Kenard Management Corporation ("Kenard"), a defendant in the Underlying Litigation. In this action, PSM seeks a declaration that the liability policy issued by Capitol is the primary insurance policy and Capitol must immediately defend and indemnify Kenard in the Underlying Litigation. PSM also seeks recovery for the costs and expenses it has incurred in providing a defense for Kenard (because

Capitol has failed to do so), as well as relief for Capitol's vexatious and unreasonable refusal to pay for Kenard's defense.

## PARTIES

2. PSM is a corporation existing under the laws of the New York, is licensed to do business in the State of Illinois, with it principal place of business in New York, New York.

3. Capitol is a corporation existing under the laws of Wisconsin and, based upon information and belief, is licensed to do business in the state of Illinois, with its principal place in Middleton, Wisconsin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) (Supp. 1998) and 28 U.S.C. §2201(a) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

6. Capitol issued insurance policies to Kenard with effective dates of November 1, 2006 to November 1, 2007 (the "Capitol Policies"), including a Commercial General Liability Policy number CP00214424 ($1,000,000 single limit of liability) and a Commercial Umbrella Liability Policy number CP00214424 ($1,000,000 single limit of liability). True and correct copies of pertinent excerpts from the Capitol Policies are attached to and incorporated in this Complaint as Exhibit 1.

7. The Capital Commercial General Liability Policy contains the following pertinent clauses, among others:

**INSURING AGREEMENT**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section II – Limits of Insurance; and

   (2) Our right and duty to defend ends when have used up the applicable limits of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period. . .

\* \* \*

**OTHER INSURANCE**

a. Primary Insurance

   This insurance is primary except when b. below apples. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.

b. Excess Insurance

   This insurance is excess over:

   (1) any of the other insurance, whether primary, excess, contingent or on any other basis:

      (a) That is Fire, Extended Coverage, Builder's Risk, installation Risk or similar coverage for "your work;"
      (b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

3

      (c)      That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

      (d)      If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft, to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily injury and property damage liability;

  (2)    Any other primary insurance available to you covering liability for damages arising out of the premises, or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

8. PSM issued a Businessowners Liability Coverage Policy to Kenard (Policy Number BW 018134), with effective dates of June 12, 2006 to June 12, 2007 (hereinafter "PSM's Policy"). True and correct copies of pertinent excerpts PSM's Policy are attached to and incorporated in this Complaint as Exhibit 2.

9. PSM's Policy contains the following pertinent provisions, among others:

    a.    **Coverages – Business Liability**

        We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage," "personal injury", or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1)      The amount we will pay for damages is limited as described in Section D – Liability And Medical Expenses Limits of Insurance; and

      (2)      Our right and duty to defend end when we have used up the applicable limits of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:

      (1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2)  The "bodily injury" or "property damage" occurs during the policy period. . .

* * *

  **H.**  **Other Insurance.**

    1.  If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of insurance.
    2.  Business Liability Coverage is excess over any other insurance that insures for direct physical loss or damage.
    3.  When this insurance is excess we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

10.  On or about February 22, 2007, James Doyle, as Administrator of the Estate of Michael Doyle, filed the Underlying Litigation - a wrongful death action - against Kenard in the Circuit Court of Cook County, Illinois.

11.  In the Underlying Litigation, Mr. Doyle alleged that Kenard was negligent with respect to its ownership and maintenance of a property located at 3168 N. Clark St., Chicago, Illinois 60657 (hereinafter the "Property").

12.  Mr. Doyle also alleged that as a direct and proximate result of Kenard's negligence, Michael Doyle sustained fatal injuries when he slipped and fell through an opening in a guardrail in a third floor balcony at the Property during a New Years Eve Party on December 31, 2006/January 1, 2007.

13.  Capitol received notice of the accident and acknowledged receipt of the claim by letter dated January 16, 2007 to Kenard.

14. Capitol also received notice of the Underlying Litigation shortly after the lawsuit was commenced on or about February 22, 2007.

15. Capitol's Policies, including, the Commercial General Liability Policy and the Umbrella Policy, afford coverage for the claims asserted against Kenard in the Underlying Litigation.

16. Capitol is obligated under its Commercial General Liability Policy (and the Umbrella Policy) to defend and indemnify Kenard in connection with the claims asserted in the Underlying Litigation.

17. Capitol's Commercial General Liability Policy is the primary insurance for the claims asserted against Kenard, and Capitol has the primary obligation to defend and indemnify Kenard.

18. Based upon the language of the above-described insurance policies, including, specifically, the relevant "Other Insurance" provisions (as set forth above), PSM's Policy is excess to Capitol's Commercial General Liability Policy.

19. Based upon the language of the above-described insurance policies, PSM does not have a duty to defend Kenard in the Underlying Litigation because Capitol is obligated to do so under its Commercial General Liability Policy.

20. Capitol must indemnify Kenard for the claims in the Underlying Litigation before PSM has any obligation to indemnify Kenard.

21. Since February 2007, Capitol has wrongfully failed to properly investigate the subject claim, wrongfully failed to provide Kenard with insurance coverage for the subject loss, wrongfully failed to defend and indemnify Kenard in connection with the Underlying Litigation,

committed material breaches of its policies, and breached its obligations to PSM (as an excess insurer).

22. Since February 2007, Capitol has failed to respond to repeated demands for it to acknowledge and comply with its obligation to defend and indemnify Kenard in connection with the Underlying Litigation.

23. More recently, Capitol failed to respond in any way to a letter from Doyle's counsel which purported to demand $3,000,000 in settlement. By failing to respond, Capitol has breached it obligations to its insured and/or PSM and deprived PSM of any meaningful opportunity to respond to the written settlement demand.

24. Because Capitol has failed to acknowledge its duty to defend and indemnify Kenard, PSM has provided Kenard with a defense. PSM has incurred substantial expenses and costs to defend Kenard in the Underlying Litigation and Capitol is obligated to reimburse PSM for these expenses and costs.

25. Kenard must be estopped from denying any duty to defend and indemnify Kenard on a primary basis because it has agreed to defend and indemnify Kenard on a primary basis in connection with two other pending lawsuits, _Soderlund v. Kenard,_ Cook County Circuit Court Docket No. 09 L 002557 and _Larkins v. Chicago Plant,_ Cook County Circuit Court Docket No. 07 L 6483. Capitol has offered no excuse or explanation for its failure to acknowledge its duty to defend and indemnify in the Underlying Litigation.

## COUNT I
### Declaratory Judgment

26. PSM repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above, as if expressly rewritten and set forth herein.

7

27. Capitol's Policies, including the Commercial General Liability Policy and the Umbrella Policy, provide coverage for the claims asserted against Kenard in the Underlying Litigation.

28. Capitol is obligated under its Commercial General Liability Policy to defend and indemnify Kenard in connection with the claims asserted in the Underlying Litigation.

29. Capitol's Commercial General Liability Policy is the primary insurance for the claims asserted against Kenard, and Capitol (<u>not</u> PSM) has the primary obligation to defend and indemnity Kenard.

30. PSM's Policy is excess to Capitol's Commercial General Liability Policy.

31. PSM is not obligated to defend Kenard in the Underlying Litigation because Capitol is obligated to do so under its Commercial General Liability Policy.

32. Capitol must indemnify Kenard for the claims in the Underlying Litigation first before PSM has any obligation to indemnify Kenard.

33. PSM's Policy provides coverage that is excess to Capitol's Commercial General Liability Policy and such coverage is triggered only if and when Capitol's policy limits have been exhausted.

34. Capitol is obligated to reimburse PSM for the cost and expenses it has incurred in connection with the Underlying Litigation and this action.

35. An actual and bona fide controversy exists between Capitol and PSM.

36. PSM is entitled to a declaration that: Capitol must defend and indemnify Kenard; PSM can withdraw from the defense of Kenard; Capitol must indemnify Kenard first before PSM has any obligation to do so; PSM is entitled to recover the costs and expenses it has incurred and such other relief that this Court deems just and proper.

8

WHEREFORE, PSM respectfully requests that this Court enter judgment in its favor against Capitol:

a. declaring that:

   1. Capitol's Policies, including, the Commercial General Liability Policy and the Umbrella Policy, provide coverage for the claims asserted against Kenard in the Underlying Litigation;

   2. Capitol is obligated under its Commercial General Liability Policy to defend and indemnify Kenard in connection with the claims asserted in the Underlying Litigation;

   3. Capitol's Commercial General Liability Policy is the primary insurance for the claims asserted against Kenard, and Capitol (not PSM) has the primary obligation to defend and indemnify Kenard;

   4. PSM's Policy is excess to Capitol's Commercial General Liability Policy;

   5. PSM is not obligated to defend Kenard in the Underlying Litigation (so long as Capitol is obligated to do so under its Commercial General Liability Policy);

   6. Capitol must immediately provide a defense for Kenard in the Underlying Litigation and PSM may withdraw the defense it has provided for Kenard;

   7. Capitol must indemnify Kenard for the claims in the Underlying Litigation and exhaust its policy limits before PSM has any obligation to indemnify Kenard;

   8. PSM's Policy provides coverage that is excess to Capitol's Commercial General Liability Policy and such coverage is triggered only if Capitol's policy limits have been exhausted;

   9. Capitol must reimburse PSM for the fees and costs it has incurred in connection with the Underlying Litigation and this action.

b. awarding PSM the costs herein expended and such other and further relief that this Court deems just and proper.

## COUNT II
### Breach Of Contract

37. PSM repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 above, as if expressly rewritten and set forth herein.

38. Capitol contracted and agreed to provide liability insurance (including a legal defense and indemnification) for Kenard in connection with the Underlying Litigation.

39. Capitol contracted and agreed to provide liability insurance for Kenard on a primary basis and was obligated to PSM, as an excess insurer, to provide Kenard with a defense and indemnification.

40. Capitol breached its contractual obligations by wrongfully failing to properly investigate the subject claim, wrongfully failing to provide Kenard with insurance coverage for the subject loss, wrongfully failing to defend and indemnify Kenard in connection with the Underlying Litigation, committing material breaches of its policies, and breaching its obligations to PSM.

41. By virtue of its payment for the expenses and costs of defending Kenard, PSM is subrogated to Kenard's rights of recovery from Capitol.

WHEREFORE, PSM demands judgment against Capitol for compensatory damages to be proven at trial, together with interest, costs, and attorney's fees.

## COUNT III
## Violation Of Insurance Code Section 155

42. PSM repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 41 above, as if expressly rewritten and set forth herein.

43. Capitol engaged in conduct in violation of Insurance Code Section 155 (215 ILCS 5/155), by unreasonably and vexatiously refusing to pay for Kenard's defense, failing to provide Kenard with insurance coverage for the subject loss, committing material breaches of its policies, and failing to respond to an offer of settlement.

WHEREFORE, PSM demands judgment against Capitol in an amount that will adequately compensate PSM for its losses together with interest, statutory penalties, costs, and

attorney's fees, and such other relief as provided by Illinois law for violation of Illinois Insurance Code Section 155.

## COUNT IV
## Equitable Subrogation

44. PSM repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 43 above, as if expressly rewritten and set forth herein.

45. Capitol has failed to properly investigate the subject claim, failed to provide Kenard with insurance coverage (defense or indemnity) for the subject loss, failed to defend and indemnify Kenard in connection with the Underlying Litigation, committed material breaches of its policies, failed to respond to an offer of settlement, and breached its obligations to PSM.

46. As a direct and proximate result of Capitol's acts and omissions, PSM has incurred expenses and costs to defend Kenard.

47. Capitol is obligated to reimburse PSM for the costs and expenses it has incurred.

WHEREFORE, PSM demands judgment against Capitol, plus interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

                                Public Service Mutual Insurance Company

                                By: */s/ Christopher J. Bannon*
                                            One of Its Attorneys

Christopher J. Bannon (Atty No. 6196298)
Howard J. Fishman (Atty. No. 6216066)
Sheila Loop (Atty. No. 6280495)
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, Illinois 60611
(312) 828-9600 (Phone)
(312) 828-9635 (Fax)

## **DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1(a) and Local Rule 3.2, Plaintiff Public Service Mutual Insurance Company submits this Disclosure Statement.  The parent company of Public Service Mutual Insurance Company is PSM Holding Corp. and no other entity owns more than 5% of Public Service Mutual Insurance Company.  Public Service Mutual Insurance Company and PSM Holding Corp. are not publicly-traded companies.

Public Service Mutual Insurance Company

By:  */s/ Christopher J. Bannon*
        One of its attorneys

Christopher J. Bannon (Atty. No. 6196298)
Howard J. Fishman (Atty. No. 6216066)
Sheila A. Loop (Atty No. 6280495)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600 (Phone)
(312) 828-9635 (Fax)
521305.2